UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMUNICATIONS WORKERS OF AMERICA, LOCAL 9423,<br><br>Plaintiff,<br><br>v.<br><br>MONICA ALVARADO,<br><br>Defendant. | Case No. 22-cv-00365-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

In its first amended complaint ("FAC"), plaintiff Communications Workers of America, Local 9423 ("Local 9423" or "the union"), asserts a single claim for violation of § 501 of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "the Act"), 29 U.S.C. § 401 *et seq.*, against defendant Monica Alvarado for breach of fiduciary duty.[1]  Dkt. No. 13.  Ms. Alvarado now moves to dismiss the FAC for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).  Dkt. No. 15.  Having considered the parties' submissions and the arguments made at the hearing, the Court grants Ms. Alvarado's motion to dismiss on the ground that the union does not have a cause of action to enforce § 501.

**I.     BACKGROUND**

The following background facts are drawn from the FAC's factual allegations which, for present purposes, are deemed true.

Local 9423, headquartered in San Jose, California, is a "labor organization" within the

---

[1] All parties have consented to magistrate judge jurisdiction.  Dkt. Nos. 5, 12.

meaning of the LMRDA, 29 U.S.C. § 402(i) and (j).  Dkt. No. 13 ¶ 3.  It represents employees in various industries in disputes with management concerning grievances, wages, rates of pay, hours, or other terms or conditions of employment.  *Id.*

Defendant Ms. Alvarado is the elected Secretary-Treasurer of Local 9423 and has held this position since 2014.  *Id.* ¶ 4.  She is an "officer" of a labor organization within the meaning of the LMRDA, 29 U.S.C. § 402(n).  *Id.*

According to Local 9423, Ms. Alvarado has access to and control of Local 9423's desktop computer, financial records, and other documents.  Dkt. No. 13 ¶ 7.  Ms. Alvarado also has a laptop computer "likely containing" financial records and information and Local 9423's payroll records and information.  *Id.*  Access to the desktop and laptop computers is protected by usernames and passwords known to Ms. Alvarado.  *Id.*

In January 2021, following an election of officers, the newly-elected president of Local 9423, Robert Hogue, asked Ms. Alvarado to turn over the usernames and passwords to Local 9423's desktop computer, QuickBooks account, bank accounts, and physical documents.  *Id.* ¶ 9.  Ms. Alvarado did not comply with this request.  *Id.*

In March and June 2021, Mr. Hogue asked Ms. Alvarado to train another officer on how to perform financial duties and tasks for Local 9423, including processing payroll and maintaining payroll records.  *Id.* ¶ 10.  Ms. Alvarado did not comply with this request.  *Id.*

In June 2021, Mr. Hogue asked Ms. Alvarado to leave the laptop computer and any other union equipment or property in her office so that Local 9423 could access it.  *Id.* ¶ 11.  Ms. Alvarado also did not comply with this request.  *Id.*

On or about August 24, 2021, Local 9423 demanded that Ms. Alvarado provide the information and access to computers and records that it had previously requested by September 1, 2021.  *Id.* ¶ 12.  Local 9423 also directed Ms. Alvarado to produce the union's financial ledgers, receipts, and other books and records by that date.  *Id.*  Ms. Alvarado did not respond to these directions and did not produce the demanded items.  *Id.*

On September 8, 2021, Local 9423's executive board passed a resolution demanding that Ms. Alvarado turn over and produce the usernames and passwords to the union's QuickBooks

account. *Id.* ¶ 13. Ms. Alvarado offered to create another administrative account such that the union could access its QuickBooks account. *Id.* However, Ms. Alvarado did not perform this action and has not produced the demanded usernames and passwords. *Id.*

Local 9423 alleges on information and belief that a substantial sum in union funds was transferred out of the union's bank account without proper authorization prior to Mr. Hogue's tenure as president. *Id.* ¶ 15. Local 9423 alleges that Ms. Alvarado was a "key member" of the previous union administration and that such funds may have been misappropriated. *Id.* Local 9423 also alleges that Ms. Alvarado did not pay the union's bills on time. *Id.* Ms. Alvarado has not responded to Local 9423's requests for an explanation. *Id.*

Local 9423 asserts a single claim against Ms. Alvarado for breach of her fiduciary duty under § 501(a) of the LMRDA. *Id.* ¶¶ 6–22. The union alleges that Ms. Alvarado has intentionally deprived the union of its use of its QuickBooks account and other financial information, documents, and communications. *Id.* ¶ 18. The union also alleges that Ms. Alvarado has intentionally deprived the union of access to business contracts, transactions, debts, liabilities, and service accounts. *Id.* Local 9423 asserts that Ms. Alvarado's refusal to turn over and produce the demanded items has prevented and will continue to prevent the union from conducting its business and operations as usual, adhering to its fiduciary duties, and exercising the care, skill, prudence, and diligence necessary to maintain the financial stability of the union and to meet its various financial and legal obligations to its members. *Id.* ¶ 20. Local 9423 seeks injunctive relief and compensatory damages. *Id.* at 8-9.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate—those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 – 77 (2012). The Court has a continuing obligation to ensure that it has subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject-matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The

1   plaintiff always bears the burden of establishing subject-matter jurisdiction. *Kokkonen v.*
2   *Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

3         A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373
4   F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the
5   allegations in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all
6   material allegations in the complaint as true and construing them in favor of the party asserting
7   jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual,
8   however, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for*
9   *Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter
10  jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a
11  motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual
12  challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the
13  party opposing the motion must "present affidavits or any other evidence necessary to satisfy its
14  burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v.*
15  *City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch.*
16  *Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

17      **B.**    **Rule 12(b)(6)**
18        "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a
19  claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*
20  *Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d
21  729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts
22  as true all well-pled factual allegations and construes them in the light most favorable to the
23  plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a
24  complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,
25  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
26  U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is
27  facially plausible when it "allows the court to draw the reasonable inference that the defendant is
28  liable for the misconduct alleged." *Id.*

4

The Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-CV-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Likewise, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

## III. DISCUSSION

Ms. Alvarado moves for dismissal on three grounds. First, she argues that the LMRDA does not provide a union a private right of action to enforce the fiduciary duties of a union officer that are set forth in § 501(a), and therefore, this Court lacks subject matter jurisdiction. Dkt. No. 15 at 1. Second, she argues that, in any event, Local 9423 alleges no facts that show Ms. Alvarado has violated any duty set forth in § 501(a) or any provision of the union's bylaws. *Id.* at 2. Third, she argues that the union's claim is barred by the applicable statute of limitations. *Id.*

The Court first addresses Ms. Alvarado's argument that the LMRDA does not afford the union a private right of action against her.

### A.   Union Private Right of Action

Ms. Alvarado argues that the fiduciary duties set forth in § 501(a) of the LMRDA are owed by union officers to union members, and that pursuant to § 501(b) of the statute, only union members, not the union, have a right of action to obtain relief for violation of those duties. Dkt. No. 15 at 3-5. Local 9423 responds that § 501(a) itself provides a right of action for unions. Dkt. No. 17 at 7-10.

Section 501 provides in relevant part:

> (a) Duties of officers; . . .
>
> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. . . .
>
> (b) Violation of duties; action by member after refusal or failure by labor organization to commence proceedings; . . .
>
> When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. . . .

29 U.S.C. § 501(a), (b). The parties agree that the statute expressly gives *union members* a cause of action against a union officer for breach of the fiduciary duties in § 501(a). *See* Dkt. No. 15 at 4; Dkt. No. 17 at 7. That express cause of action is found in the text of § 501(b). That subsection provides that a union member may bring an action in federal court against an officer *for the benefit*

*of the union*. However, nothing in § 501(a) or § 501(b) expressly gives *the union itself* such a cause of action.

The Seventh, Eleventh and District of Columbia Circuits have concluded that the LMRDA contains an implied federal cause of action empowering a union to sue an officer for breach of his or her fiduciary duties. *Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Ward* ("*Ward*"), 563 F.3d 276, 283–89 (7th Cir. 2009); *Int'l Union of Electronic, Elec., Salaried, Machine & Furniture Workers, AFL-CIO v. Statham* ("*Statham*"), 97 F.3d 1416, 1419–21 (11th Cir. 1996); *Int'l Union, Sec., Police and Fire Professionals of Am. v. Faye* ("*Faye*"), 828 F.3d 969, 973–75 (D.C. Cir. 2016). Citing *Bldg. Material & Dump Truck Drivers Local 420 v. Traweek* ("*Traweek*"), 867 F.2d 500, 506–07 (9th Cir. 1989), Ms. Alvarado argues that the Ninth Circuit has already held that the statute does *not* give unions a cause of action, express or implied. Dkt. No. 15 at 3-4. Local 9423 disputes Ms. Alvarado's reading of *Traweek*, arguing that the Ninth Circuit held only that *§ 501(b)* did not contemplate a suit brought by a union and did not address whether a cause of action should be implied under *§ 501(a)*. Dkt. No. 17 at 9.

The Court agrees with Ms. Alvarado that *Traweek* is dispositive of the question presented here. *Traweek* squarely addressed the issue of "whether a union standing alone can bring a § 501 suit as an initial matter." *Traweek*, 867 F.2d at 506. In concluding that the union could not bring such a claim, the Ninth Circuit explained as follows:

> In *Phillips* [*v. Osborne*, 403 F.2d 826 (9th Cir. 1968)] we discussed the policies and rationales behind the enactment of § 501(b). There we noted that the concept of union democracy can be analogized to shareholder democracy, including the ability to bring derivative suits on behalf of the corporation. Thus, in § 501(b) actions, the individual member acts in a representative capacity for the benefit of the union and on behalf of the union. A plaintiff in a § 501(b) action cannot seek to recover damages personally, but must seek a remedy for the union as a whole.
>
> Thus, Congress included a requirement that the individual member request leave of the court to bring suit because any money lost through financial impropriety does not belong to the union member personally. This statutory requirement offers proof that Congress intended that this remedy be available solely to individual union members. *See Filippini* [*v. Austin*, 106 F.R.D. 425], 430 [(C.D. Cal. 1985)] (§ 501(b) was created by Congress to address abuse of position by union officers in situations where members have no effective remedy for such abuse except to petition the federal courts

7

> for help).
>
> . . .
>
> We conclude that *Filippini* provides the better-reasoned and more persuasive interpretation of § 501(b). The clear language of the statute does not contemplate a suit brought by a union but only addresses the availability of a suit when the union refuses to sue. Our construction of the statute is consistent with the general principle, repeatedly reaffirmed by this court, that the scope of federal jurisdictional statutes should be construed narrowly. We reverse the district court's judgment against [union officers] Traweek and McFadden to the extent that it was predicated on a violation of § 501(b) because the union could not initiate the suit as a sole party plaintiff and therefore the district court lacked subject matter jurisdiction to consider the claim.

*Traweek*, 867 F.2d at 506-07 (internal citations omitted).

The Court is not persuaded that *Traweek* can be read as addressing only whether § 501(b) affords a union a right of action, and not whether such a right of action may be implied under § 501(a). In *Traweek*, the Ninth Circuit framed the issue as "whether a union standing alone can bring a § 501 suit." *Id.* at 506. In answering that question, the court discussed the purposes behind § 501 as a whole and the reasons why Congress appears to have given only union members, and not the union itself, a remedy in § 501(b) for violation of its provisions. *Id.* The court also reaffirmed its earlier reading in *Phillips* of the purpose of the statute and the narrowly-construed scope of federal jurisdiction the statute confers. *Id.* Finally, the Ninth Circuit did not ignore the question of whether the union might be left without a remedy if the court concluded § 501 did not provide it a cause of action; rather, the court noted that the appellees did not "contest the possibility that the union may sue its former officers either in state court or under other federal statutory authority." *Id.*

As noted above, other Circuits *have* found an implied right of action for a union. Each of these Circuits read *Traweek* as reaching the opposite conclusion. *See Ward*, 563 F.3d at 284 ("In *Traweek*, the Ninth Circuit, focusing exclusively on § 501(b), declined to recognize an implied federal cause of action for suits by labor unions."); *Statham*, 97 F.3d at 1418 n.2 ("The courts that have concluded that section 501 does *not* create a cause of action that can be asserted by a union are: [listing *Traweek* among others]."); *Faye*, 828 F.3d at 972 (identifying circuit split and describing *Traweek* as "finding no implied cause of action"). In 1990, the Supreme Court

recognized that "[c]ourts have reached inconsistent positions on the question whether a union may bring suit under § 501," and in so doing, the Court also characterized *Traweek* as holding that a union has "no right of action" under the statute. *Guidry v. Sheet Metal Workers Nat. Pension Fund,* 493 U.S. 365, 375 n.16 (1990). *Guidry* did not resolve the inconsistency, expressly leaving this question open. *Id.*

Local 9423 argues that the Ninth Circuit's decision in *Servs. Emps. Int'l Union v. Nat'l Union of Healthcare Workers* ("*SEIU*"), 718 F.3d 1036 (9th Cir. 2013) suggests that *Traweek* should not be read as having decided whether a union may bring an action to enforce the fiduciary duties set forth in § 501(a). Although the union acknowledges that whether such a cause of action may be implied was "not part of the appeal" in *SEIU*, it argues that because the Ninth Circuit held that under § 501 union officers owe fiduciary duties to the union as an organization, and not merely to rank-and-file-members, the court "appeared to accept that [an implied] cause of action may be asserted." Dkt. No. 17 at 8. *SEIU* is puzzling in that the Ninth Circuit acknowledged that "usually a union member, not a parent organization like SEIU, asserts a § 501 claim against union officers," *id*. at 1044, without considering whether, in this unusual circumstance, SEIU was even entitled to bring a claim, *see generally id.* at 1044-47. *SEIU* contains no discussion of whether a cause of action may be implied, and it does not cite *Traweek*. In these circumstances, the Court is reluctant to read too much into *SEIU*.

Local 9423 also correctly observes that other district courts within the Ninth Circuit have concluded that § 501(a) implies a private right of action for unions. *See* Dkt. No. 17 at 7-8 (citing *Serv. Emp. Int'l Union v. Roselli*, No. C 09-00404 WHA, 2009 WL 1382259, at *2–3 (N.D. Cal. May 14, 2009); *Haw. Reg'l Council of Carpenters v. Yoshimura*, 237 F. Supp. 3d 1029, 1038–39 (D. Haw. 2017); *Carpenters Loc. Union 721 v. Limon*, No. CV-188470-DSF-MRWx, 2020 WL 3124222, at *9 (C.D. Cal. Apr. 23, 2020)). This Court respectfully disagrees with these other district courts' conclusions that *Traweek* left the question open, and it therefore has no occasion to consider whether their reasoning is persuasive.[2]

---

[2] None of the district court decisions on which Local 9423 relies appears to have considered the guidance from the Supreme Court in *Alexander v. Sandoval*, 532 U.S. 275 (2001), discussing the

9

Because the Court is bound by *Traweek* and understands that decision as holding a union cannot sue a union officer under § 501 for breach of fiduciary duties, the Court concludes that Local 9423 may not sue Ms. Alvarado in federal court for breach of her fiduciary duties.

### B.    Failure to State a Claim Under Rule 12(b)(6)

Because the Court concludes that Local 9423 may not bring a cause of action in federal court against Ms. Alvarado to enforce the fiduciary duties set forth in § 501(a), the Court does not reach the question of whether the FAC alleges violations of any of those duties or whether any such claim is barred by the statute of limitations.

## IV.    CONCLUSION

For the foregoing reasons, the Court grant's Ms. Alvarado's motion to dismiss.

**IT IS SO ORDERED.**

Dated: September 20, 2022

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

limited circumstances in which a right of action may be implied. *See, e.g.*, *Alexander*, 532 U.S. at 286-87, 290.